UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD ALLEN TULLETT and TODD TULLETT LLC, an Oregon Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BRIAN PEARCE, SUSAN PEARCE, PORTER PEARCE, and AURORA PEARCE,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00447-BLW-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion to Remand and to Stay Deadline to Answer or Otherwise Plead to Defendant's Counterclaims. (Dkt. 5.) In response, Defendants filed a motion for entry of default, (Dkt. 7), prompting Plaintiffs' answer to Defendants' counterclaim, (Dkt. 8). Having reviewed the Plaintiffs' motion, as well as the record in this case, the Court has determined that oral argument on the motion is unnecessary. Dist. Idaho Loc. Civ. R. 7.1(d)(1).

**REPORT AND RECOMMENDATION - 1**

The Court will recommend, as more fully explained below, that Plaintiffs' motion to remand be granted.[1]

## BACKGROUND

Plaintiffs filed a complaint in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Payette, against Defendants on August 9, 2018. Defendants were served on August 23, 2018, and on September 7, 2018, counsel for Defendants filed a notice of appearance in state court. Plaintiffs on September 12, 2018, filed their First Amended Complaint, alleging claims for breach of contract, negligence, and unfair trade practices under state law. On October 12, 2018, Defendants filed an answer and counterclaim. The counterclaim alleges causes of action against Plaintiffs for tort, trespass, and emotional distress. On October 15, 2018, Defendants removed the action to this Court, based upon 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

Plaintiffs' amended complaint alleges Defendants negligently cared for Plaintiffs' horse, which was entrusted to Defendants on August 18, 2017, for thirty days of boarding and training, upon payment of $200.00. Plaintiffs allege that the care provided to the horse was deficient, resulting in an injury to the horse's rear leg, for which an examining veterinarian recommended euthanasia due to the horse's poor prognosis. The horse was

---

[1] The Ninth Circuit Court of Appeals considers a 28 U.S.C. § 1447(c) remand order to be dispositive of all federal proceedings in a case and characterizes a motion to remand as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that a remand order cannot be issued by a magistrate judge without consent of the parties. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Thus, a magistrate judge presented with a motion for remand "should provide a report and recommendation to the district court that is subject to de novo review...." *Flam*, 788 F.3d at 1047 (quoting *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2nd Cir. 2008)).

**REPORT AND RECOMMENDATION - 2**

euthanized on August 31, 2017. Plaintiffs' prayer for relief seeks actual damages in the amount of $5,653,00, which represents the value of the horse ($5,000.00), the veterinary bill ($453.00), and one month of boarding ($200.00). Plaintiffs included also a request for attorney fees and punitive damages pursuant to Idaho Code § 48-608(1) in an amount to be determined at trial.

Defendants' counterclaim alleges the horse was untrainable and caused substantial grief to Defendants while the horse was in their care. Additionally, Defendants allege Plaintiff Todd Tullett sent threatening communications to them. Defendants claim they have suffered $20,000 in actual damages as a result of Mr. Tullett's conduct, as well as emotional trauma. Defendants seek general and special damages "well in excess of $75,000," and attorney fees. According to the pleadings, Plaintiffs are citizens of Oregon, while Defendants are citizens of Idaho.

## DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced. 28 U.S.C. § 1332(a)(2) provides the basis for federal jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state." The amount in controversy is determined by the value of the object plaintiff is seeking, which may include punitive damages and attorney fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944).

**REPORT AND RECOMMENDATION - 3**

28 U.S.C. § 1447(c) permits a party to challenge removal by seeking remand. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

When suit is instituted in state court and removed to federal court, a strong presumption exists that the plaintiff has not claimed a large enough amount to confer jurisdiction on a federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). Because of the strong presumption against removal jurisdiction, the party seeking removal must carry the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. The removing defendant cannot base removal on conclusory allegations. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

If it is apparent to the court that the claim was made in good faith, then the value of the claim controls for purposes of removal, unless it appears "to a legal certainty that the plaintiff cannot recover the amount claimed." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir. 1997). However, if a plaintiff's complaint fails to specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403–04 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id*. at 404. Consequently, "jurisdiction may

**REPORT AND RECOMMENDATION - 4**

[not] be maintained by mere averment." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Sanchez*, 102 F.3d at 403.

Here, it is clear from the face of the Amended Complaint that Plaintiffs seek a specific amount of damages—$5,653.00—well below the $75,000 amount in controversy requirement. Yet, in the notice of removal, Defendants state that "the matter in controversy exceeds the value of $75,000, exclusive of interests and costs." (Dkt. 1.) Defendant has provided no support for this statement other than by referencing the pleadings. In their memorandum filed in opposition to the motion, Defendants contend that Plaintiffs' punitive damage claim and the amount demanded in their counterclaim supports the removal request. But Plaintiff's request for monetary damages of exactly $5,653.00 controls for removal purposes.

Although attorney fees may be included in the amount in controversy where the underlying statute, either mandatory or permissive, authorizes an award, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), a defendant must do more than point to a request for fees and must demonstrate the probable amount of attorney's fees, *Surber v. Reliance Nat'l Indemnity Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000) (defendant must establish approximate cost of plaintiff's attorney fees, including evidence of a reasonable estimate of the time the case will require and counsel's hourly billing rate). Absent any probable amount of attorney fees for the Court to consider, the Court cannot use Plaintiffs' attorney fees to determine the amount in controversy in this case. *Jenkins v. Harrison K-9 Sec. Servs., LLC*, No. 4:14-CV-00147-EJL, 2014 WL 5178759, at *2 (D. Idaho Oct. 14, 2014).

**REPORT AND RECOMMENDATION - 5**

Punitive damages may be considered, even if minimally, in the amount in controversy. However, a defendant may count punitive damages as a part of the amount in controversy only if they are recoverable as a matter of law. *Wilson v. Union Life Ins. Co.*, 250 F.Supp.2d 1260, 1264 (D. Idaho 2003). A defendant must do more than merely inform the Court that the plaintiff seeks punitive damages; rather, the defendant must set forth evidence showing the likely award if the plaintiff prevails. *Id*. at 1264–65; *see e.g., Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1200–01 (N.D. Cal. 1998) (holding defendant's burden not met by pointing out that the complaint seeks punitive damages and requiring defendant to submit evidence of jury awards in analogous cases). Where a defendant relies on damages that might flow from a plaintiff's causes of action, the defendant must provide evidence to support a reasoned calculation of those damages. *Wilson*, 250 F.Supp.2d at 1265.

Defendants have not provided any support for the Court to conclude punitive damages will dramatically eclipse the $5,653.00 in actual damages claimed. There is simply no evidence to support a reasoned calculation of punitive damages or to show a likely award of punitive damages based on the possibility that Plaintiffs may be given permission to amend their complaint to add a claim for punitive damages. Defendants offer no argument or evidence to show a likely award or permit a reasoned calculation of punitive damages in this case. Moreover, Idaho has limited the discretion of juries in imposing punitive damages by "declaring that the amount of punitive damages must bear a 'reasonable relation' to the amount of actual damages." *Boise Dodge, Inc. v. Clark*, 453 P.2d 551, 557 (Idaho 1969). Without any evidence or economic support for a calculation

**REPORT AND RECOMMENDATION - 6**

of punitive damages well in excess of the amount of actual damages claimed, it is not appropriate to include punitive damages in the amount in controversy in this case. *Jenkins*, 2014 WL 5178759 at *3

Where, as here, the removing defendants have not offered any facts whatsoever to support the Court's exercise of jurisdiction and have simply offered the conclusory allegation that the amount in controversy exceeds $75,000, the Ninth Circuit has directed the district court to summarily remand the case. *See e.g., Gaus*, 980 F.2d at 567 (citing case law that holds a "defendant's bald recitation that 'the amount in controversy exceeds $[75,000],' without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand"). *Thomas v. Guar. Bank*, No. CV07-122-N-EJL, 2007 WL 1875854, at *1 (D. Idaho June 27, 2007).

Defendants alternatively rely upon the allegations in their counterclaim. However, it has long been established that a counterclaim cannot serve as a basis for removal. 28 U.S.C. § 1446(b) states that the case stated by the initial pleading must, in the first instance, be removable. Thus, a counterclaim cannot form the basis for removal to federal court. *See also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question defendants raise in their counterclaims does not provide a basis for removal.").

Plaintiffs have requested costs and attorney fees pursuant to 28 U.S.C. § 1447(c) on the grounds that the removing party lacked an objectively reasonable basis for seeking removal. Costs and attorney's fees may be awarded against Defendants if their decision to

**REPORT AND RECOMMENDATION - 7**

remove was objectively unreasonable. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Because Defendants' removal request was premised upon their counterclaim, which is contrary to controlling law, the Court recommends that Plaintiff's request for costs and attorney fees be granted. The law is well settled that a counterclaim cannot form the basis for seeking removal. And, where a plaintiff has pled a sum certain well below the jurisdictional minimum, absent any proof other than the bald assertion that the jurisdictional minimum has been met, Defendants lacked an objectively reasonable basis for seeking removal.

Because the complaint here demands a specific dollar amount that is substantially less than the jurisdictional minimum required for diversity jurisdiction, the Court recommends that this matter be remanded, and the Court consider an award of costs and attorney fees in favor of Plaintiffs. The Court need not consider Plaintiffs' additional arguments challenging the procedural aspects of the notice of removal.

**REPORT AND RECOMMENDATION - 8**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendants' Motion to Remand (Dkt. 5) be **GRANTED**, and this matter remanded to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Payette, for all further proceedings.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: December 19, 2018

_____
Honorable Candy W. Dale
United States Magistrate Judge