UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD ALLEN TULLETT and TODD TULLETT LLC, an Oregon Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN PEARCE, SUSAN PEARCE, PORTER PEARCE, and AURORA PEARCE,<br><br>Defendants. | Case No. 1:18-cv-00447-BLW-CWD<br><br>**ORDER** |

# INTRODUCTION

On December 19, 2018, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that Plaintiffs' Motion to Remand be granted and this matter be remanded to the District Court of the Fourth Judicial District of the State of Idaho. Dkt. 14. Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in

part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Defendants filed a timely objection challenging the Report and Recommendation's conclusion that Plaintiffs' Motion to Remand should be granted, that the case be remanded back to state court, and that Plaintiffs be awarded their attorney fees and costs. Dkt. 15. The Court has considered the Defendants' contentions and conducted a *de novo* review of the record and adopts the magistrate judge's report and recommendation in full.

## ANALYSIS

The magistrate judge recommended granting Plaintiffs' motion to remand because Defendants' notice of removal failed to allege a jurisdictional amount in excess of $75,000. *See* 28 U.S.C. §§ 1332, 1446; Dkt. 14 at 2. Defendants objected that the Court mistakenly neglected to consider their counterclaims in calculating the amount in controversy. Dkt. 15 at 5. As justification, Defendants point the Court to dictum in an unpublished, non-precedential Ninth Circuit decision to suggest that "the well-pleaded complaint rule does not apply to counterclaims in the context of diversity jurisdiction." *See Id.* at 3-4, citing *Pozez v. Clean Energy Capital, LLC,* 593 F. App'x 631, 632 (9th Cir. 2015). The Court therefore considers *de novo* whether counterclaims count toward the jurisdictional amount when a case is removed from state court on the basis of diversity jurisdiction.

Because the magistrate judge applied the correct standard to calculate the jurisdictional amount, and Defendants' objection is inapposite, the Court will grant the motion to remand and will fully adopt the magistrate judge's recommendation. When

calculating the jurisdictional amount in a case removed on the basis of diversity, the Ninth Circuit has clearly stated that "the amount in controversy is determined by the value of the object plaintiff is seeking, which may include punitive damages and attorney fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); Dkt. 14 at 4. Furthermore, the removal statute is "strictly construed" and there is a strong presumption that the plaintiff has not claimed an amount that satisfies the removal threshold. *Corral v. Select Portfolio Servicing, Inc.,* 878 F.3d 770, 773–74 (9th Cir. 2017). Compulsory counterclaims can satisfy the amount in controversy, but only when the case was originally filed in federal court. *See Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir. 1984). This case comes to federal court on removal, so the exception for compulsory counterclaims does not apply. In their objection Defendants cite no cases in the Ninth Circuit or elsewhere that use counterclaims when calculating the jurisdictional amount for a case removed on diversity jurisdiction. The Court has found no such authority, and is not persuaded by Defendants' objection.[1]

The parties do not dispute that Plaintiffs seek $5,653, well below the $75,000 jurisdictional requirement. Dkt. 14 at 5. Because Defendants' objection is unfounded, and

---

[1] In fact, other district courts in the Ninth Circuit that have recently considered the issue have all refused to use counterclaims to calculate the jurisdictional amount. *See, e.g., McDonald v. Nair*, No. 18-CV-06991-MMC, 2019 WL 539070 (N.D. Cal. Feb. 11, 2019); *Ledesma v. Highland Oaks Apartments, LLC*, No. 118CV00254LJOJLT, 2018 WL 1082488, at *2 (E.D. Cal. Feb. 28, 2018); *Breckenridge Prop. Fund 2016, LLC v. Gonzalez*, No. 17-CV-03915-JCS, 2017 WL 3381155, at *3 (N.D. Cal. Aug. 7, 2017).

ORDER - 3

Judge Dale correctly calculated the amount in controversy, this matter will be remanded to the state court where the parties can raise and resolve their arguments as to the sufficiency of the complaint and the merits of the claims. Furthermore, because the Defendants'+ objection did not raise any new basis to justify removal, the Court will also adopt the magistrate judge's recommendation that fees be awarded pursuant to 28 U.S.C. § 1447(c).

## ORDER

**IT IS ORDERED:**

    1.    Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Dale's Report and Recommendation is well founded in law and consistent with the Court's own view of the evidence in the record. Therefore, acting on the recommendation of Magistrate Judge Dale, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on December 19, 2018, (Dkt.14), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

    2.    Plaintiffs' Motion to Remand (Dkt. 5) is **GRANTED**, and this matter remanded to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Payette, for all further proceedings.

    3.    Plaintiffs' request for costs and attorney fees is **GRANTED**.

 DATED: March 27, 2019

_____
B. Lynn Winmill
U.S. District Court Judge